# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. MARTIN CHARLES JONES

**Direct Appeal from the Criminal Court for Knox County**
**Nos. 66212, 66629     Ray L. Jenkins, Judge**

---

**No. E1999-01296-CCA-R3-CD**
**January 12, 2001**

---

The Appellant, Martin Charles Jones, pled guilty to nine counts of criminal exposure to HIV, class C felonies, and to three counts of statutory rape, class E felonies. Following a sentencing hearing, the Knox County Criminal Court imposed an effective sentence of seventeen years incarceration. On appeal, the Appellant asserts that the trial court erred by denying his request for alternative sentencing. After review, we find no error and affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Russell Thompson Greene, Knoxville, Tennessee, for the Appellant, Martin Charles Jones.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Mark A. Fulks, Assistant Attorney General, Randall E. Nichols, District Attorney General, and Scott Greene, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On August 17, 1998, a Knox County Grand Jury returned a four-count presentment against the Appellant, Martin Charles Jones, charging him with criminal exposure to HIV by having intimate contact with Pamella Galli and Angela Marie Day between April 1998 and June 1998. On October 12, 1998, a Knox County Grand Jury returned an indictment which charged the Appellant with three counts of statutory rape of Louise Hudson and six counts of criminally exposing Hudson to HIV between December 1997 and April 1998.

On July 15, 1999, the Appellant pled guilty to nine counts of criminal exposure to HIV and to three counts of statutory rape. The manner of service of the sentences was submitted to the trial court for its determination. After a sentencing hearing on October 15, 1999, the trial court denied

the Appellant's request for alternative sentencing and sentenced the Appellant to an effective sentence of seventeen years to be served in the Tennessee Department of Correction.[1]

## Background

The Appellant was diagnosed by the Michigan Department of Public Health with human immunodeficiency virus in 1991. During 1997 and 1998, the Appellant engaged in sexual intercourse with Louise Hudson, Pamella Galli, and Angela Marie Day. Although he had been questioned about his medical condition by all three woman at some point during each relationship, the Appellant never informed Hudson, Galli, or Day that he was HIV positive. The proof established, in fact, that he denied his HIV positive status to at least two of the three women.

At the time the Appellant was sexually involved with Hudson, the Appellant was thirty-five-years-old and Hudson was seventeen. The relationship between the Appellant and Hudson resulted in her contracting HIV. Hudson also became pregnant with the Appellant's seventh child.

The Appellant is currently married. However, he has been separated from his wife for approximately six years. The Appellant was a resident of Michigan when he relocated to Tennessee to seek employment and be near a girlfriend. The Appellant's wife still resides in Michigan with their two children, who are ages fifteen and eleven. The Appellant also has a ten-year-old son residing in Kansas City, Missouri, with an ex-girlfriend. He has two children, ages eight and nine,

---

[1]The Appellant pled guilty to the following 12 counts:

By Presentment (66212):
Count 1: Criminal Exposure to HIV (Pamella Galli)
Count 3: Criminal Exposure to HIV (Angela Marie Day)
Count 4: Criminal Exposure to HIV (Angela Marie Day)

By Indictment (66629):

Count 1: Criminal Exposure to HIV (Louise Hudson)
Count 2: Criminal Exposure to HIV (Louise Hudson)
Count 3: Criminal Exposure to HIV (Louise Hudson)
Count 4: Criminal Exposure to HIV (Louise Hudson)
Count 5: Criminal Exposure to HIV (Louise Hudson)
Count 6: Criminal Exposure to HIV (Louise Hudson)
Count 7: Statutory Rape (Louise Hudson)
Count 8: Statutory Rape (Louise Hudson)
Count 9: Statutory Rape (Louise Hudson)

The trial court imposed five-year sentences for each of the Appellant's convictions for criminal exposure to HIV and two-year sentences for each of his convictions for statutory rape. Three of the criminal exposure to HIV sentences and one of the statutory rape sentences were ordered to be served consecutively for an effective sentence of seventeen years.

residing with an ex-girlfriend in Huntsville, Alabama, and has one son in Houston, Texas, that would be approximately seven years old. Additionally, he has a one-year-old daughter with Hudson.[2]

In addition to the charges in the present case, the Appellant is responsible for infecting a former girlfriend in Roane County with HIV.[3] In 1995, the Appellant was arrested on similar charges in Michigan for exposing an uninformed female to HIV. The record suggests that these charges were dismissed after the prosecuting witness failed to appear. The Appellant has had very little work experience and openly admits he was a drug dealer for several years. His previous employment also includes service as a postal worker, truck driver, carpenter, electrician, and car salesman. After hearing all the evidence, the trial court denied the Appellant's request for alternative sentencing, finding that incarceration was needed to avoid depreciating the seriousness of the offense.

### III. Risk Assessment Report

First, the Appellant argues that the trial court erred by admitting the risk assessment report, required by TENN. CODE ANN. § 39-13-705, into evidence. Specifically, the Appellant contends that "the report was authored by a licensed clinical social worker [and] would not be admissible since such author does not have a specialty in the field of psychiatry or psychology" and the report is not relevant to the Appellant's conviction for criminal exposure to HIV. We disagree and find that the trial court properly admitted the report into evidence.

Our sentencing laws expressly provide that evidence on any matter relevant to the issue of sentencing may be introduced at the sentencing hearing. *See* Sentencing Commission Comments, TENN. CODE ANN. § 40-35-203. The issue in this case is the Appellant's entitlement to an alternative sentence. The potential for the rehabilitation of a defendant is one factor which must be considered by the trial court in determining the sentencing alternative. *See* TENN. CODE ANN. § 40-35-103(5). Also to be considered is whether the offender is likely to reoffend. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995). The risk assessment report speaks to both of these issues. Moreover, we point out that a risk assessment report is a mandatory requirement in felony or misdemeanor sexual offense cases. TENN. CODE ANN. § 39-13-704(d)(1); TENN. CODE ANN. § 39-13-705. The Appellant pled guilty to three counts of statutory rape, a sex offense set forth in TENN. CODE ANN. § 39-13-703(3)(F). During sentencing, the trial court considered the risk assessment report which set forth the following observations and recommendations:

> There exists a pattern of unaccountability in the defendant's past and more recent behavior ... It was apparent his sexual life was his social life and the fact that he produced children appeared meaningless ... [The defendant's] behavior indicates a

---

[2] The ages listed were current as of August 2, 1999.

[3] This information is contained within the records of the Knox County Public Health Department. The records were introduced at the Appellant's sentencing hearing.

pervasive pattern of irresponsibility ... [The defendant] did not demonstrate any concern for his victims ... The defendant has a long pattern of using others for his own gratification. This factor is associated with a poor prognosis in treatment ... If [the defendant] were released, he would be at high risk for continued offending behavior.

The trial court was entitled to consider the risk assessment report when assessing the Appellant's potential for rehabilitation and properly admitted the report which set forth the author's examination and evaluation pursuant to TENN. CODE ANN. § 39-13-704(d)(1) and TENN. CODE ANN. § 39-13-705. This issue is without merit.

## II. Alternative Sentencing

The Appellant contends that the trial court erred by denying him a non-incarcerative alternative sentence. We repeat the now well-established rule that the Appellant bears the burden of establishing that the sentence imposed by the trial court was erroneous. State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991); State v. Boggs, 932 S.W.2d 467, 473 (Tenn. Crim. App. 1996); State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991). Appellate review of a sentence is *de novo*, with a presumption that the determinations made by the court from which the appeal is taken are correct. TENN. CODE ANN. § 40-35-401(d); Ashby, 823 S.W.2d at 169. In determining whether the Appellant has carried the burden, this court must consider the evidence received at the trial and the sentencing hearing, the pre-sentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offenses, existing mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. Ashby, 823 S.W.2d at 169; TENN. CODE ANN. § 40-35-210.

The Appellant pled guilty, as a Range I standard offender, to nine counts of criminal exposure to HIV, class C felonies, and pled guilty to three counts of statutory rape, Class E felonies. *See* TENN. CODE ANN. § 39-13-109, -506. Thus, the Appellant correctly argues that he is statutorily eligible for probation. TENN. CODE ANN. § 40-35-303(a). Even though eligible, the burden of establishing probation, as opposed to an alternative sentence, rests with the defendant. Bingham, 910 S.W.2d at 455; *see* Sentencing Commission Comments, TENN. CODE ANN. § 40-35-303(b). When imposing a sentence of total confinement, our Criminal Sentencing Reform Act mandates that the following criteria be considered during sentencing:

(A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)     Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; or

(C)     Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

TENN. CODE ANN. § 40-35-103(1)(A).

In the present case, the trial court held that an alternative sentence was inappropriate and reasoned as follows:

> This Court finds ...that confinement is necessary to avoid depreciating the seriousness of the offense. The argument has been forwarded that sentencing alternatives should apply...This Court feels there is actual proof in the record in the State's case of a deliberate violation of the law. In the pre-sentence investigation, the defendant says that he was diagnosed as HIV positive in '91 and '92. Notwithstanding that, he chose to deliberately expose in Michigan. He knew at that time he had the virus. Then he moved south to inflict this disease - or expose this disease, which is the gravamen of the offense, to three victims. The Court feels that...the State has gone forward and proved the reason for the necessary incarceration. The fact that he was infected with the HIV virus was not [a]deterrent to his knowingly infecting or exposing others to infection.

Thus, the trial court determined that total incarceration was necessary in order to avoid depreciating the seriousness of the offense. In order to deny an alternative sentence based on the seriousness of the offense, "the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive degree and the nature of the offense must outweigh all factors favoring a sentence other than confinement." Bingham, 910 S.W.2d at 454 (*quoting* State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)).

After reviewing the record, we conclude that the trial court's presumption of correctness applies. The Appellant was diagnosed with HIV in 1991. We take judicial notice of the fact that the HIV virus is a precursor to AIDS, a progressive and ultimately fatal syndrome. From 1991 forward, the Appellant knowingly and callously exposed multiple victims, including his own unborn children, to the deadly virus. The Appellant's employment history is poor, with the Appellant admitting he worked as a drug dealer. The Appellant also admits to a history of substance abuse. Furthermore, the risk assessment report indicates that the Appellant presents a high risk for continued offending behavior.

We find that the facts and circumstances of the offense are sufficient as to deny the Appellant's request for probation.[4] Denial of probation may be based solely upon the circumstances

---

[4]The Appellant also specifically argues entitlement to a sentence of Community Corrections. In order to be eligible for Community Corrections sentencing, the offender cannot be convicted of an offense involving a crime against the person as provided in TENN. CODE ANN. § 40-36-106(a)(2). Both criminal offenses for which the Appellant was convicted were crimes against the person. *See* TENN. CODE ANN. § 39-13-109 and § 39-13-506. Although TENN. CODE ANN. § 40-36-106(c) recognizes exceptions to this provision where special needs are shown, no special need was proven in this case. Moreover, this court has held that when a special need is proven there must be some causal connection between the "special need" and the crime. *See* State v. Boston, 938 S.W.2d 435, 438-39 (Tenn. Crim. App. 1996).

(continued...)

of the offense when they are of such a nature as to outweigh all other factors favoring probation. Bingham, 910 S.W.2d at 456, (*citing* Hartley, 818 S.W.2d at 374). Clearly, the facts of the present case are so reprehensible, offensive, and of such an excessive degree as to support the trial court's finding that total incarceration is needed to avoid depreciating the seriousness of the offense. Bingham, 910 S.W.2d at 454 (*quoting* Hartley, 818 S.W.2d at374-75). Thus, we find that the trial court did not err in imposing total incarceration based on the seriousness of the offense.

## CONCLUSION

We find that the trial court did not err in sentencing the Appellant to a term of total confinement in order to avoid depreciating the seriousness of the offense. Therefore, the judgment of the Knox County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE

---

[4](...continued)
Accordingly, the Appellant was statutory ineligible for a Community Corrections sentence under the proof in this case.